**CASE NO. 22-30033**

---

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

DYNAMIC INDUSTRIES, INCORPORATED; DYNAMIC INDUSTRIES INTERNATIONAL, L.L.C.; DYNAMIC INDUSTRIES SAUDI ARABIA, LIMITED,

     Plaintiffs – Appellants

v.

WALAA COOPERATIVE INSURANCE COMPANY, improperly named defendant METLIFE-AMERICAN INTERNATIONAL GROUP – ARAB NATIONAL BANK COOPERATIVE INSURANCE COMPANY; MARSH & MCLENNAN COMPANIES, INCORPORATED doing business as MARSH, INCORPORATED; MARSH USA, INCORPORATED, doing business as MARSH USA RISK SERVICES,

     Defendants - Appellees

---

On Appeal from the
United States District Court for the Eastern District of Louisiana
Civil Action No. 21-cv-748
Honorable Ivan L.R. Lemelle, Presiding

---

## REPLY BRIEF ON BEHALF OF APPELLANTS RESPONDING TO ORIGINAL BRIEF ON BEHALF OF WALAA COOPERATIVE INSURANCE COMPANY

---

L. ETIENNE BALART (La. Bar #24951)
TAYLOR K. WIMBERLY (La. Bar #38942)
JONES WALKER LLP
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:     504-582-8584
Facsimile:     504-589-8584
Email:   ebalart@joneswalker.com
       twimberly@joneswalker.com
ATTORNEYS FOR APPELLANTS

# <u>TABLE OF CONTENTS</u>

**Page**

ARGUMENT IN REPLY ......................................................................... 1

I.   WALAA BLATANTLY IGNORES CONCRETE FACTS IN ITS STATEMENT OF THE CASE ......................................................... 1

II.  PLAINTIFFS CORRECTLY STATED THE STANDARD OF REVIEW ..................................................................................... 2

III. THE BLA DID NOT AUTHORIZE MARSH KSA TO ACCEPT THE POLICY ON BEHALF OF THE INSURED .................................. 4

IV.  WALAA'S ATTEMPTS TO REFUTE MARSH KSA'S DUAL AGENCY FALL SHORT ................................................................ 6

V.   WALAA'S ATTEMPTS TO HAVE THIS COURT AFFIRM THE DISTRICT COURT'S ORDER AND REASONS ON ALTERNATIVE BASES NOT CONSIDERED BY THE DISTRICT COURT IS IMPROPER ........................................................ 9

CONCLUSION ...................................................................................... 12

CERTIFICATE OF SERVICE AND COMPLIANCE WITH ECF FILING STANDARDS ................................................................... 13

CERTIFICATE OF COMPLIANCE WITH RULE 32(G)(1) ............................... 14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*American Fire & Indem. Co. v. Lancaster*,
  286 F. Supp. 1011 (E.D. Mo. 1968), *aff'd*., 415 F.2d 1145 (8th Cir.
  1969) ............................................................................................................8

*Braspetro Oil Servs. Co.-Brasoil v. Modec (USA), Inc.*,
  240 Fed. App'x 612 (5th Cir. 2007) ......................................................2

*Gezu v. Charter Communs.*,
  17 F.4th 547 (5th Cir. 2021) ................................................................3

*Henry's Marine Serv. v. Fireman's Fund Ins. Co.*,
  No. 02-3682, 2003 U.S. Dist. LEXIS 18860 (E.D. La. Oct. 22,
  2003) ..........................................................................................................10

*Man Roland, Inc. v. Kreitz Motor Express, Inc.*,
  438 F.3d 476 (5th Cir. 2006) ..............................................................10

*Schexnider v. McDermott Int'l*,
  688 F. Supp. 234 (W.D. La. 1988) ......................................................10

*T.W. LaQuay Marine, LLC v. Great Lakes Dredge & Dock Co., LLC*,
  2021 U.S. Dist. LEXIS 39661 (S.D. Tex. Mar. 3, 2021) ...................4

**State Cases**

*Lawrence v. Continental Insurance Company*,
  199 So. 2d 398 (La. App. 3 Cir. 1967) (Tate, J.)................................11

*Price v. Lawrence-Van Voast, Inc.*,
  58 A.D.2d 727, 396 N.Y.S.2d 296 (N.Y. 1977) .................................8

**Federal Statutes**

9 U.S.C. § § 201 *et seq.*...........................................................................10

**State Statutes**

La. Rev. Stat. § 22:46(11.1) ......................................................................11

La. Rev. Stat. § 22:868......................................................................9, 10, 11

**Rules**

Rule 12 ..............................................................................................2, 3, 4

Appellants-Plaintiffs, Dynamic Industries, Inc. ("DI"), Dynamic Industries International, LLC ("DII") and Dynamic Industries Saudi Arabia Ltd. ("DISA"), submit this brief reply in response to the Original Brief of Defendant-Appellee Walaa Cooperative Insurance Co. ("Walaa").

## **ARGUMENT IN REPLY**

### I.    **Walaa Blatantly Ignores Concrete Facts in its Statement of the Case**

As an initial matter, in its Statement of the Case, Walaa attempts to downplay this lawsuit's connection to the forum state of Louisiana, but ignores that all of the negotiations for the Policy originated in Louisiana, that a copy of the original Policy was directly delivered into Louisiana, and that Louisiana plaintiffs are insureds.

By way of example, Walaa states that "[t]he sole *factual* basis for Policy coverage is potential fault of Saudi Plaintiff DISA ...." (Walaa's Brief at p. 3). This statement ignores the potential liability of Louisiana Plaintiff DI and misconstrues the allegations contained in the First Amended Complaint for Declaratory Relief and Damages ("First Amended Complaint"), which expressly state that "DISA, and by extension [DISA's Louisiana counterpart] DI, are obligated to SAUDI ARAMCO concerning the reasonable costs and expenses . . ." (ROA.369). Walaa further states that the "only possible Louisiana connection" is "Plaintiff [DI]'s derivative guarantee of DISA's as-yet determined fault." (Walaa's Brief at p. 3). This statement disregards the months-long back and forth communications in both 2017 and 2019

between the Plaintiffs and Marsh concerning the issuance and delivery of the Policy, which clearly give this dispute a Louisiana "nexus."

## II.    Plaintiffs Correctly Stated the Standard of Review

Walaa contends that Plaintiffs misstate the applicable standard of review. This is a misunderstanding of Plaintiffs' argument and confuses the issue. Contrary to Walaa's assertions, Plaintiffs are not attempting to argue that they are entitled to Rule 12(b)(3) deference.[1] Rather, Plaintiffs merely contend that at this stage of the litigation, in light of the litany of the numerous disputed facts, the District Court should have given deference to Plaintiffs and construed disputed issues of fact in Plaintiffs' favor.[2] Plaintiffs do not argue that mere allegations should be given deference; rather, Plaintiffs submitted detailed facts opposing the *forum non* motion which should have been resolved in Plaintiffs' favor.[3] For instance, there were

---

[1] Contrary to Walaa's assertion that its *forum non conveniens* motion was not pursuant to any Rule 12 grounds, Walaa filed its "Motion to Dismiss for *Forum Non Conveniens* (and/or Rule 12(b)(3) . . . of the Federal Rules of Civil Procedure." (ROA.1604).

[2] Walaa contends that the case law relied upon to support the contention that factual inferences should be resolved in Plaintiffs' favor, *Braspetro Oil Servs. Co.-Brasoil v. Modec (USA), Inc.,* 240 Fed. App'x 612 (5th Cir. 2007), has been superseded by the Supreme Court in *Atlantic Marine.* (Walaa's Brief at p. 9). Yet, Walaa fails to cite to a single Fifth Circuit case and instead relies on a bankruptcy case from the Southern District of New York as support for its argument that Plaintiffs are not entitled to any factual inferences under a motion to dismiss for *forum non conveniens*. (Walaa's Brief at p. 9). Even if *Braspetro* had been superseded by *Atlantic Marine* (which it has not), the proposition for which Plaintiffs cite to *Braspetro* remains true: "[o]n a Rule 12(b)(3) motion to dismiss . . . the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." Plaintiffs simply cite to *Braspetro* as an example of a court showing deference to Plaintiffs when a motion to dismiss was brought to enforce a forum selection clause, as here.

[3] Plaintiffs do not argue that the record is "incomplete" for purposes of the *forum non*

specific facts showing that Marsh KSA[4] acted as a dual agent, yet the District Court simply ignored this evidence, mainly relying upon the post-dated, after the fact BLA.[5]

Stated differently, the District Court's order and reasons draw *all* inferences against Plaintiffs and subjectively discredits Plaintiffs' facts and their allegations. Because Plaintiffs have presented a reasonable interpretation of the facts at this stage, the District Court erred in making *every* factual inference against Plaintiffs. Therefore, Plaintiffs ask this Court to apply a quasi-12(b)(3) standard of review and accord Plaintiffs due deference, similar to the inferences that would be drawn in favor of the non-movant at the summary judgment stage.[6]  On that basis, the motion

---

*conveniens* motion. (Walaa's Brief at p. 12). To the contrary, Plaintiffs contend that the factual allegations contained in the First Amended Complaint were sufficient to warrant a denial of Walaa's motion to dismiss for *forum non conveniens*, without considering evidence outside of the four corners of the pleadings. To the extent that the District Court did not err in reviewing the additional facts presented by Walaa, all of which were contested by Plaintiffs, it committed legal error when it then drew *all* inferences against Plaintiffs. Plaintiffs' reference to the "incomplete and erroneous record" in their Original Brief (Plaintiffs' Brief at p. 29) concerns the District Court's order and reasons and its disregard of the competing evidence presented by Plaintiffs. Accordingly, the Plaintiffs have not "contradict[ed] [their] own position in the District Court." (Walaa's Brief at p. 12).

[4] Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC.

[5] "Broker's Letter of Authorization".

[6] In any event, whether Plaintiffs are entitled to 12(b)(3) deference (which is not what Plaintiffs argue) is not as well-settled as Walaa would have this Court believe. In fact, this Court recently suggested that a motion to dismiss based on a forum selection clause or arbitration provision is properly brought as a 12(b)(3) motion (which would thus would require the District Court to construe all disputed facts in Plaintiffs' favor).  *See Gezu v. Charter Communs.*, 17 F.4th 547, 554 n.7 (5th Cir. 2021) (citing *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005) ("[O]ur court has treated a motion to dismiss based on a forum selection clause as properly brought under Rule 12(b)(3) (improper venue) . . . . And, other circuits agree that a motion

should have been denied.

## III.    The BLA Did Not Authorize Marsh KSA to Accept the Policy on Behalf of the Insured

In addition to Walaa's mischaracterization of the statement of the case and further misunderstanding of Plaintiffs' argument regarding the applicable standard of review, the majority of Walaa's brief is based on a false premise – that Marsh KSA was never acting as an agent of Walaa because the BLA[7] authorized Marsh KSA to accept the Policy on the behalf of the *insured* Plaintiffs.  Walaa seems to ignore that this BLA was an *ex post facto* document, created in 2019 as a condition to issuance of the Policy to Plaintiffs *after the notice of loss was submitted*. The Policy was "issued" in 2017, yet not formally delivered or bound until 2019. That Walaa (or Marsh KSA) required this document after the fact does not magically transform all of the other facts concerning delivery and agency, and in particular Marsh KSA's dual agency. Further, Walaa completely disregards the plain language of the BLA, which expressly states:

> This [BLA] authorizes [Walaa/Metlife-AIG-ANB] to furnish MARSH [KSA] with all information MARSH [KSA] *may request*…as it pertains to [DISA's] insurance contracts, rates, rating, schedule,

---

to dismiss based on an arbitration or forum selection clause is proper under Rule 12(b)(3)." (citations omitted)); *see also T.W. LaQuay Marine, LLC v. Great Lakes Dredge & Dock Co., LLC,* 2021 U.S. Dist. LEXIS 39661, *1 (S.D. Tex. Mar. 3, 2021) (Rule 12(b)(3) is an appropriate basis for forum-selection-based dismissal).

[7] Walaa continuously argues that Plaintiffs executed the BLA. However, DISA was the only Plaintiff signatory to the BLA. No such letter was ever requested or sent on behalf of Plaintiff DI or Plaintiff DII. (ROA.2365, 2497-98).

> surveys, reserves, retention, policies, certificates, or other data MARSH [KSA] may request, and all requirements in connection with insurance…to which this letter applies.

(ROA.2497-98) (emphasis added). In the BLA, Plaintiff DISA exclusively appointed Marsh KSA *to communicate* on DISA's behalf, not receive the Policy.[8] Importantly, while the appointment certainly authorized Marsh KSA to initiate communications regarding the procurement of a policy, all of these "communications" would have occurred back in 2017 as that is when Plaintiffs were told the Policy issued.[9]  The BLA did not authorize Marsh KSA to take delivery of any policy, either on DISA's behalf or the other Plaintiffs. Rather, under its express language, it allowed Walaa to provide *information* to Marsh KSA that Marsh KSA *may request* concerning the enumerated matters. Marsh KSA did not request the Policy – Plaintiffs did. Nowhere in the BLA is Marsh KSA appointed to *receive* the Policy. In light of the clear, express language contained in the BLA, Walaa's argument that Marsh KSA was the sole agent of the Plaintiffs because the BLA authorized KSA to receive the Policy on behalf of the Plaintiffs misses the mark. To the contrary, the Policy – both emailed and sent for actual delivery in Louisiana – was issued for delivery in Louisiana based on the detailed facts submitted by

---

[8] Walaa's proposed interpretation – that the BLA authorized Marsh KSA to accept the Policy – blatantly disregards the language of the BLA and inserts language not found in the BLA.

[9] Notably, the Policy is dated effective January 12, 2017.  ROA.40.

Plaintiffs.[10]

## IV.    Walaa's Attempts to Refute Marsh KSA's Dual Agency Fall Short

Moreover, the existence of the BLA does not preclude a finding of dual agency. Walaa relies solely on the BLA (to which Plaintiffs' dispute Walaa's interpretation) – a "broker of record" letter issued only by Plaintiff DISA – to refute Plaintiffs' argument that Marsh KSA was, at a minimum, acting as a dual agent.

Walaa's reliance on the BLA does not preclude Marsh KSA from also being an agent of the insurer, Walaa.[11] Walaa attempts to refute Plaintiffs' dual agency argument by asserting that Marsh KSA, as the broker of record, "solicit[ed] business for more than one insurer in placing Plaintiffs' coverage in Saudi Arabia (ROA.2899-901), pursuant to the BLA's express authorization to communicate for Plaintiffs with any insurance company (ROA.1662), *not just Walaa*." (Walaa's Brief at p. 36 (internal quotations omitted)). How Marsh KSA could have been communicating with other insurance companies after the BLA was executed in 2019 about an insurance policy that was initially issued in 2017 is beyond believable, and never explained by Walaa.[12] Simply, the statement that Marsh KSA was negotiating

---

[10] ROA.2888, 2890-2891.

[11] The acts of Marsh KSA as agent for Walaa – not Plaintiffs – were detailed by Plaintiffs in a Declaration.  ROA.2888-2893.

[12] The BLA is a *post-hoc* document. Walaa is ignoring the fact that the Policy was supposed to be procured in 2017 and that the BLA was requested and drafted by Marsh KSA, at Walaa's request, after the effective date of the Policy. Stated differently, the BLA signed in 2019 was intentionally *back-dated* at the express instruction of Marsh KSA acting on behalf of Walaa.

insurance with others – when the "policy" had already been issued more than two years before – is simply false.[13] This is strong and persuasive evidence that Marsh KSA – throughout November of 2019 – was acting ***only*** for Walaa, as dual agent.

Further, according to Walaa, because Plaintiffs allege that Marsh may have acted as a broker in procuring the Policy, Marsh KSA is somehow precluded from serving in a dual capacity as agent for Walaa.  It does not, and the fact that Plaintiffs made a claim against Marsh as an alternative to their primary claim for insurance coverage does not prevent Marsh KSA from serving as a dual agent under these facts. Especially, under these unique facts, where the Policy was to take effect in 2017 but not actually issued until 2019. Walaa further asserts that Plaintiffs' dual agency argument fails because Plaintiffs never pled that Marsh KSA was Walaa's agent. This ignores the direct factual allegation that the Policy was delivered in Louisiana. (ROA.368; ROA.2892). It is obviously implicit in that allegation that whoever issued and delivered the Policy in Louisiana was acting as Walaa's agent.

Finally, Walaa unsuccessfully argues that Marsh KSA cannot act as a dual

---

ROA.2891. This did not occur until well after a lengthy series of contacts by and between Plaintiffs and Marsh KSA, as agent of Walaa, concerning the actual placement of the Policy. ROA.2890-2892. Nor was the BLA in place in 2017. These communications came before the BLA was "executed" on or about November 6, 2019, not after.

[13] Moreover, this statement is in blatant disregard to the fact that the premium for the Policy was paid to Marsh KSA, as agent for Walaa, in 2017. (ROA.2363, 2387-88). To say that Marsh KSA was soliciting business for more than one insurer in 2019 for a Policy for which the premium had already been paid 2 years prior is completely nonsensical, and factually wrong.

agent under Saudi law and SAMA Regulations, which define "insurance brokerage" and "insurance agency". (Walaa's Brief at p. 20). According to Walaa, Marsh KSA can only serve as an insurance "broker" because it is only registered with SAMA as a "broker" and not an "agent". (Walaa's Brief at p. 20). As previously briefed by Plaintiffs, whether the broker is the agent of the insurer or of the insured depends upon the facts of the particular case, not on statutory law. *American Fire & Indem. Co. v. Lancaster*, 286 F. Supp. 1011, 1014 (E.D. Mo. 1968), *aff'd.*, 415 F.2d 1145 (8th Cir. 1969); *see also Price v. Lawrence-Van Voast, Inc.*, 58 A.D.2d 727, 396 N.Y.S.2d 296 (N.Y. 1977) ("Whether an insurance broker represents the insurer or the insured is not controlled by a statutory definition, but rather depends upon the circumstances of the particular case.").  Because Walaa entrusted Marsh KSA with the collection of the premium, supplied Marsh KSA with the required forms to place the insurance, and delivered to Marsh KSA a copy of the Policy for delivery to the insured Plaintiffs – all undisputed facts before the District Court – Marsh KSA acted as Walaa's agent, despite that Marsh KSA may be statutorily defined as a "broker" under Saudi law.

Walaa further attempts refute Marsh KSA's dual agency role with respect to the placement of the Policy. According to Walaa, Marsh KSA could not act as a "dual agent" under governing SAMA Regulations which "provide that a licensed broker cannot simultaneously act for the insured (as broker) and insurer (as agent)".

(Walaa's Brief at p. 20). Just because a law prohibits dual agency in Saudi Arabia does not mean that Walaa and Marsh KSA complied with that law. The District Court simply ignored this significant evidence and mistakenly concluded that the BLA prevented any dual agency. The record is devoid of any evidence sufficient to demonstrate that the Policy was placed correctly and in compliance with all SAMA Regulations, including a regulation prohibiting dual agency.

Walaa's multiple attempts in its brief to refute Plaintiffs' specific facts showing that Marsh KSA was acting as a dual agent fails as both a matter of fact and law. The District Court should have denied the motion.

**V.    Walaa's Attempts to Have this Court Affirm the District Court's Order and Reasons on Alternative Bases Not Considered by the District Court is Improper**

In one last-ditch effort to have this Court affirm the District Court's order and reasons, Walaa urges this Court to affirm the District Court on alternative bases not considered by the District Court. Specifically, Walaa argues that La. Rev. Stat. §22:868 cannot apply because:

> A. The Policy provides "ocean marine" insurance; or "foreign trade" insurance, both of which are expressly excluded (per to La. Rev. Stat. § 22:851) from the scope of § 22:868;

> B. The Policy is not subject to LDI form approval, and thus is expressly excluded from the scope of § 22:868 (per to La. Rev. Stat. § 22:868(D)); [and]

> C. The Policy does not cover "subjects located, resident, or to be performed in Louisiana."

(Walaa's Brief at p. 24). Additionally, Walaa contends that general maritime law principles enforcing forum selection clauses preempt § 22:868. (Walaa's Brief at p. 24, 45-47).[14]

As a general rule, the Fifth Circuit has declined to "consider an issue passed over by the district court" absent special circumstances. *Man Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 483 (5th Cir. 2006). There are no "special circumstances" here. As such, this Court should exercise its discretion to deny Walaa's "alternative grounds for non-application of § 22:868" as procedurally improper. Even if this Court were to consider Walaa's arguments not considered by the District Court in the first instance on appeal, for the reasons stated in Plaintiffs' Opposition to Walaa's Motion to Dismiss for *Forum Non Conveniens*, Walaa's arguments have no merit and thus cannot be used as a basis to affirm the District

---

[14] In support of its preemption argument, Walaa references 9 U.S.C. § § 201 *et seq.*, which provides for the enforcement of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). (Walaa's Brief at p. 54). Yet Walaa fails to demonstrate how a clause requiring resolution before the Saudi Committees for Resolution of Insurance Disputes ("IDCs"), a specialized tribunal that adjudicates insurance disputes under Saudi Arabian law, in either a quasi-judicial proceeding or arbitration, is governed by the Convention. Walaa's preemption argument further falls flat, as Walaa fails to direct this Court to any substantive aspect of maritime law that would preempt state law. Just because federal maritime law recognizes the doctrine of *forum non conveniens* does not mean that federal maritime law displaces the application of state law. *See, e.g., Henry's Marine Serv. v. Fireman's Fund Ins. Co.*, No. 02-3682, 2003 U.S. Dist. LEXIS 18860 (E.D. La. Oct. 22, 2003); *see also Schexnider v. McDermott Int'l*, 688 F. Supp. 234 (W.D. La. 1988) (holding that the insurance law of a state with substantial connection to the policy in question will be given effect so long as it does not conflict with an established rule of admiralty). Indeed, Louisiana substantive law also recognizes the doctrine of *forum non conveniens*, but that does not displace application of 22:868.

Court's holding. (ROA.2841-2846). Attempts to reclassify a policy clearly designated as a "Comprehensive General Liability" policy as "ocean marine" is not persuasive and not within the definition provided in the Louisiana Code of Insurance.[15] Walla's arguments regarding application of the "foreign trade" exception and the "surplus lines" exceptions are similarly mistaken, as detailed by Plaintiffs in their opposition. (ROA.2842; ROA.2844-2845).

Finally, the argument that this Policy was not issued to a Louisiana "subject" requiring application of §22:868 is unavailing. Section 22:868 clearly states that it applies to subjects "resident" in Louisiana, *i.e.*, Louisiana insureds. Walaa simply ignores the plain language of the statute that makes clear that it applies to insurance policies delivered in Louisiana <u>and</u> covering Louisiana residents. Indeed, the entire purpose of the Louisiana Insurance Code is to protect Louisiana insureds. As noted by an authoritative legal icon, Section 22:868 (formerly 22:629):

> [I]ncorporates a public policy determination that no contract issued in Louisiana covering a Louisiana subject shall deny the Louisiana insured the benefit of a practical remedy in Louisiana courts, thus prohibiting a requirement that he litigate his claim in an inconvenient foreign forum or submit to its adjudication by some private tribunal. The statute's command must be enforced, by reason of which the policy condition is void as violating the statutory prohibition.[16]

---

[15] La. Rev. Stat. § 22:46(11.1).

[16] *Lawrence v. Continental Insurance Company*, 199 So. 2d 398 (La. App. 3 Cir. 1967) (Tate, J.).

All that matters is that a Louisiana resident, or subject, is involved in the Policy, and those Louisiana residents are the parties exposed to the risk here in Louisiana, even though the loss occurred in Saudi Arabia.

## CONCLUSION

For the foregoing reasons, and for the reasons more fully stated in Plaintiffs-Appellants' Original Brief, Plaintiffs respectfully request that this Court enter an order reversing the District Court's December 21, 2021 Order and Reasons, and remand for further proceedings consistent with the relief sought herein.

Respectfully submitted,

*/s/ L. Etienne Balart*
L. ETIENNE BALART (La. Bar #24951)
TAYLOR K. WIMBERLY (La. Bar #38942)
JONES WALKER LLP
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:  504-582-8584
Facsimile:  504-589-8584
Email:     ebalart@joneswalker.com
           twimberly@joneswalker.com

ATTORNEYS FOR APPELLANTS

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE WITH ECF FILING STANDARDS</u>

I hereby certify that on July 8, 2022 a copy of the foregoing Reply Brief on Behalf of Appellants was filed electronically with the Fifth Circuit Court of Appeals using the electronic filing system.  Notice of this filing will be sent to counsel of record either by operation of the Court's electronic filing system and/or via United States Mail to all counsel of record.


*/s/ L. Etienne Balart*
L. ETIENNE BALART (La. Bar #24951)
ATTORNEY FOR APPELLANTS

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(g)(1)</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

> This brief contains 2228 brief | 1093 footnotes totaling 3321 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). In total, the Reply Brief on Behalf of Appellants Responding to Original Brief on Behalf of Walaa Cooperative Insurance Company and the Reply Brief on Behalf of Appellants Responding to Original Brief on Behalf of Marsh & McLennan Companies, Inc. and Marsh USA Inc. comply with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because they contain 4521 brief | 1267 footnotes totaling 5788 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> This brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 software in Times New Roman 14-point in the main text and Times New Roman 12-point font in the footnotes.

SO CERTIFIED, this 8th day of July, 2022.


*/s/ L. Etienne Balart*
L. ETIENNE BALART (La. Bar #24951)
ATTORNEY FOR APPELLANTS